Rosa María Arias Ríos, Plaintiff and Appellant, *v.* Eduardo Díaz Brink et al., Defendants and Appellees.

No. 7928.    Argued December 19, 1939.—Decided February 8, 1940.

R. *Atiles Moreu* for appellant.    V. *Zayas Pizarro* for appellees.

Mr. Justice Travieso delivered the opinion of the court.

Plaintiff Eduardo Díaz Brink and his wife foreclosed a mortgage executed in their favor upon a house belonging to the plaintiff.    Upon adjudication of the house to the defendants and a writ having been issued to the marshal to deliver possession thereof to them and to eject the plaintiff from the house, the latter applied to the District Court of Ponce and alleged her homestead right upon the house which had been foreclosed.    She alleged that she and her family had occupied the house ever since they bought it on December 21, 1921; that she had never waived her homestead right, nor had the same been paid to her by either of the

defendants as a prerequisite for the ejectment, although they had been requested to do so. The plaintiff prayed for judgment acknowledging their homestead right and for a permanent injunction enjoining the defendants from ejecting her from the property without first paying her the sum of $500 for her homestead right, and ordering the defendants to pay the costs and attorney's fees.

An order was issued to the defendants to show cause why the preliminary writ of injunction sought should not be issued, but they failed to appear. After a hearing at which the plaintiff only appeared, the district court entered judgment against the defendants, without special pronouncement as to costs and attorney's fees. The plaintiff has brought the present appeal in which she alleges that the court abused its discretion in refusing to issue the preliminary injunction; that it committed serious error in deciding the case on its merits without hearing the parties; that it erroneously applied section 175 of the Mortgage Law in holding that the injunction petition operated as a stay of the summary foreclosure proceeding.

On November 28, 1939, after the filing of the transcript of the record in the office of the secretary of this court, the appellant filed a motion in which it was alleged that subsequent to the filing of the notice of appeal the lower court made an order giving the execution creditors possession of the house, which order was executed and the plaintiff ejected; that as the acts sought to be enjoined had been committed *pendente lite* the defendants should be adjudged to pay damages to the plaintiff and $500 as the value of her homestead right; and that as the house in question had been destroyed no mandatory injunction would lie to restore the *status quo*.

In opposition to the above motion the defendants and appellants allege that nowhere in the record does it appear that any evidence was heard in the lower court for the restoration of the homestead right as claimed; that, as appears from a certificate attached to the writing in opposi-

tion, the plaintiff has instituted in the Municipal Court of Ponce an action against the defendants herein claiming her alleged homestead right, wherein the plaintiff has an adequate legal remedy.

Without expressing at all any opinion as to the merits of the judgment appealed from, we are inclined to hold that the appeal before us should be denied on the following grounds:

■■ Once the acts sought to be enjoined by the plaintiff had been committed, an appeal from the judgment refusing the writ becomes academic, for it would not be possible to prevent the commission of an act already consummated, nor to order by injunction the reconstruction of a house which no longer exists. The plaintiff and appellant might have applied to this court, before filing the notice of appeal, for an injunction in support of her appeal. Having failed to do so, the lower court was at liberty to enforce its order giving possession to the defendants, notwithstanding the appeal brought by the plaintiff, as such appeal does not operate to restrain, pending the disposal of the appeal, the commission of the act sought to be prevented by the injunction that has been denied. *Succession of Padró v. Lloreda,* 24 P.R.R. 715; *Viñas v. Lloreda,* 25 P.R.R. 32.

■ As no evidence whatever was introduced in the lower court tending to establish the homestead right claimed by the plaintiff, this court can not, in the absence of such evidence, grant the $500 as the compensation claimed. Our powers are defined in section 306 of the Code of Civil Procedure (1933 ed.) as follows:

"When the judgment, order or decree of the court below shall be reversed, the court shall proceed to render such judgment, order or decree as the court should have rendered, except when it is necessary that some matters of fact be ascertained, or the damages to be assessed or the matter to be decreed is uncertain, in any of which cases the cause shall be remanded for a new trial in the court below. " . . . . . . . . . ."

Remanding the case to the district court for further proceedings, that is, so that the interest parties might have an opportunity to submit evidence in support of their respective contentions, would not aid the appellant, inasmuch as said court would be without original jurisdiction to take cognizance of such case in which the amount in controversy does not exceed $500. [5] Moreover, the appellant, as. appears from the certificate issued by the clerk of the Municipal Court of Ponce, has pending in the above court a claim against the defendants and appellees herein for $500 as her homestead right. There the plaintiff and appellant may obtain the proper legal relief for the protection of any right that she might establish. There being available an adequate legal remedy, of which the appellant has availed herself, the intervention of equity by injunction does not lie.

The appeal must be dismissed and the judgment appealed from affirmed, without prejudice to any right of the plaintiff to prosecute her action in the Municipal Court of Ponce.